IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JAMES RANDALL VALENTINE,          )
                                  )
    Plaintiff,                    )
                                  )
VS.                               )        No. 15-1136-JDT-egb
                                  )
DYER COUNTY, ET AL.,              )
                                  )
    Defendants.                   )

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On May 21, 2015, Plaintiff James Randall Valentine, who was, at the time, incarcerated at the Gibson County Correctional Complex ("GCCX") in Trenton, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* in the U.S. District Court for the District of Maryland. (ECF Nos. 1 & 2.) United States District Judge Theodore D. Chuang issued an order on June 1, 2015, transferring the case to this district, where venue is proper. (ECF No. 3.) After Plaintiff filed the necessary documentation, this Court issued an order on June 17, 2015, granting leave to proceed *in forma pauperis* and assessing the $350 filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 10.) That order also directed Plaintiff to immediately notify the Court of any change of address and warned that failure to do so could result in dismissal of the action without further notice. (*Id.* at 3.)

On May 2, 2016, the Court dismissed the complaint for failure to state a claim but granted leave to amend within thirty days. (ECF No. 11.) The order warned that failure to file an amendment would result in the entry of judgment and assessment of a "strike" pursuant to 28 U.S.C. §1915(g). (*Id.* at 10.) However, the order sent to Plaintiff at the GCCX was returned undeliverable on May 10, 2016 (ECF Nos. 12 & 13), and Plaintiff has not provided the Court with a new address. Plaintiff also has not filed an amended complaint, and the time within which to do so has expired. Therefore, judgment will be entered in accordance with the May 2, 2016, order of dismissal.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal would not be taken in good faith.

A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that if files a notice of appeal and wishes to take advantage of the installment procedures for paying the $505 appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE